UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALDINE C. B., *as the heir and representative of the estate of* REYNALDO R. C.,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, *Acting Commissioner of Social Security*,<br><br>　　　　　　　　　　　Defendant. | Case No.:  21-cv-1750-DEB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND REMANDING**<br><br>**[DKT. NOS. 16, 17]** |

### I.    INTRODUCTION

Plaintiff Geraldine C. B. ("Plaintiff"), the heir and representative of the estate of Claimant Reynaldo R. C. ("Claimant"), seeks review of the Commissioner of Social Security's denial of Disability Insurance Benefits.[1] Dkt. No. 1. The parties filed cross motions for summary judgment. Dkt. Nos. 16, 17, 18.

For the reasons discussed below, the Court **GRANTS** Plaintiff's Motion for Summary Judgment, **DENIES** Defendant's Cross Motion for Summary Judgment, and **REMANDS** this matter for further proceedings consistent with this Order.

---

[1] Plaintiff is Claimant's widow and substituted as Plaintiff after Claimant passed away January 11, 2021. AR 112–15, 976.

1

## II. PROCEDURAL BACKGROUND

Claimant applied for Disability Insurance Benefits alleging disability beginning June 19, 2018. AR 146–47.[2] The Social Security Administration ("SSA") denied the application initially and on reconsideration. AR 76–80, 83–91. Plaintiff requested and received an Administrative Law Judge ("ALJ") hearing, which the ALJ held on May 25, 2021. AR 29–47. The ALJ issued a written decision finding Claimant not disabled. AR 15–28. The Appeals Counsel denied Plaintiff's request for review (AR 1–6) and this case followed.

## III. SUMMARY OF ALJ'S DECISION

The ALJ followed the five-step sequential evaluation process. *See* 20 C.F.R. § 404.1520(a)(4). At step one, the ALJ found Claimant had "not engaged in substantial gainful activity since June 19, 2018," the alleged onset date. AR 17.

At step two, the ALJ found the following severe medically determinable impairments: carpal tunnel syndrome, liver disease secondary to alcohol abuse, and thrombosis. AR 18. The ALJ found Claimant's hypertension, high cholesterol, ulcer, gastroesophageal reflux disease, and hearing loss were not severe. *Id.*

The ALJ also determined at step two that Claimant had medically determinable mental impairments (depression and anxiety) but they "did not cause more than minimal limitation in the [C]laimant's ability to perform basic mental work activities and are therefore nonsevere." *Id.* The ALJ evaluated the four mental functional areas, known as the "paragraph B" criteria,[3] and found Claimant had mild limitations in two areas:

---

[2] "AR" refers to the Administrative Record lodged on July 5, 2022. Dkt. No. 13. The Court's citations to the AR use the page references on the original document rather than the page numbers designated by the Court's case management/electronic case filing system ("CM/ECF"). For all other documents, the Court's citations are to the page numbers affixed by the CM/ECF.

[3] These criteria are set forth in 20 C.F.R. § 416.920a(c)(2).

understanding, remembering, or applying information; and interacting with others. *Id.* The ALJ found no limitations in the other two areas: concentrating, persisting, or maintaining pace; and adapting or managing oneself. *Id.*

At step three, the ALJ found Claimant did not have an impairment or combination of impairments that met or medically equaled those in the Commissioner's Listing of Impairments. AR 19.

Before proceeding to step four, the ALJ found Claimant had the residual functional capacity ("RFC") to perform light work with the following limitations:

> [Claimant] could occasionally lift and/or carry 20 pounds and frequently lift and/or carry 10 pounds; he could stand and/or walk six hours in an eight-hour workday; he could sit for six hours in an eight-hour workday; pushing and pulling was limited in both upper extremities to frequent, with the weights noted; postural limitations were occasionally climbing ramps and stairs, never climbing ladders, ropes, or scaffolds, frequently balancing, occasionally stooping, frequently kneeling, frequently crouching, and occasionally crawling; his manipulative activities were unlimited except frequently handling, feeling, and fingering; and avoid concentrated exposure to extreme cold, extreme heat, and vibration, and avoid all exposure to unprotected heights and dangerous, moving machinery.

AR 20.

At step four, the ALJ found Claimant could perform his past relevant work and, therefore, was not disabled. AR 23–24. The ALJ did not proceed to step five.

## IV. STANDARD OF REVIEW

The Court reviews the ALJ's decision to determine whether the ALJ applied the proper legal standards and whether the decision is supported by substantial evidence. 42 U.S.C. § 405(g); *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is "more than a mere scintilla, but less than a preponderance . . . ." *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)).

The Court may not impose its own reasoning to affirm the ALJ's decision. *Garrison*, 759 F.3d at 1010. The Court "must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (internal quotation marks and citation omitted). "[I]f evidence exists to support more than one rational interpretation, [the Court] must defer to the [ALJ's] decision." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).

Plaintiff filed his claim after March 27, 2017; therefore, the 2017 amendments governing medical opinions apply. *Woods v. Kijakazi*, 32 F.4th 785, 789 (9th Cir. 2022). Under those amendments, the SSA "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from . . . medical sources." 20 C.F.R. § 404.1520c(a). Instead, all medical opinions are evaluated based on supportability, consistency, relationship with the claimant, specialization, and other factors. *Id.* § 404.1520c(c). The SSA must to explain how it considered the most important factors, supportability and consistency, but is not required to explain how it considered the other factors. *Id.* § 404.1520c(b)(2). Supportability means a medical source must support the opinion by explaining the "relevant . . . objective medical evidence." *Woods*, 32 F.4th at 791–92. "Consistency means the extent to which a medical opinion is consistent . . . with the evidence from other medical sources and nonmedical sources in the claim." *Id.* (internal citations omitted).

"Even under the new regulations, an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Id.* The ALJ must "articulate . . . how persuasive" the ALJ finds "all of the medical opinions." 20 C.F.R. § 404.1520c(b).

The Court will not reverse for harmless error. *Marsh v. Colvin*, 792 F.3d 1170, 1173 (2015) ("ALJ errors in social security cases are harmless if they are inconsequential to the ultimate nondisability determination . . . .") (internal citations and quotations omitted).

/ /

/ /

## V. DISCUSSION

Plaintiff alleges the ALJ erred by failing to include Claimant's mild mental limitations in the RFC and the hypothetical questions posed to the vocational expert during the past relevant work ("PRW") assessment. Dkt. No. 16-1 at 4–5, 10.

The Court agrees the ALJ erred by neither including mental limitations in the RFC nor explaining the failure to do so. Because the mental limitations may have affected the PRW determination, the error is not harmless.

### A. Mild Mental Limitations and the RFC

An RFC "is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." SSR 96–8p, 1996 WL 374184, at *1 (July 2, 1996). It is the most a claimant can do given his limitations. 20 C.F.R. § 404.1545. The ALJ must consider all medical impairments when formulating the RFC, including those that are not severe. *Id.* § 404.1545(a)(2).

Formulating the RFC requires a "more detailed assessment" of a claimant's mental impairments than what is required for the step 2 paragraph B analysis. SSR 96-8p, 1996 WL 374184 at *4 ("The mental RFC assessment used at steps four and five of the sequential evaluation process requires a more detailed assessment by itemizing various functions contained in the broad categories found in [paragraph B] of the adult mental disorders listings . . . ."); *David Allan G. v. Comm'r of Soc. Sec.*, No. 1:21-cv-00162-DKG, 2023 WL 2479921, at *4 (D. Idaho Mar. 10, 2023) (finding an ALJ erred by not including a discussion "reflecting that she considered all of Plaintiff's medically determinable impairments, specifically the mental impairments, in fashioning the RFC and making the disability determination"). "This is because in some instances, when a nonsevere impairment is considered 'in combination with limitations imposed by an individual's other impairments, the limitations due to such a [nonsevere] impairment may prevent an individual from performing past relevant work or may narrow the range of other work that the individual may still be able to do.'" *Id.* at *5 (quoting SSR 96-8p).

Here, in step two of the paragraph B analysis, the ALJ found Claimant had mild limitations in two of the four mental health functional areas. But the ALJ included only exertional limitations in the RFC. The ALJ's decision does not explain why the RFC does not contain mental limitations. The ALJ then posed an RFC-based hypothetical to the vocational expert and concluded that Claimant could perform his PRW as a Customer Complaint Clerk, Sales Clerk, and Tax Preparer and, therefore, was not disabled. AR 23–24, 36–43.

The ALJ erred by failing to either include mental health limitations in the RFC or explain why Claimant's mental health impairments were not limiting. *See Hutton v. Astrue*, 491 F. App'x 850 (9th Cir. 2012) ("Regardless of [a mental limitation's] severity . . . the ALJ was still required to consider [the plaintiff's mental limitation] when he determined [the plaintiff's] RFC."); *see also Craig H. v. Kijakazi*, 22-cv-0800-AJB-LR, 2023 WL 4679342, at *12 (S.D. Cal. July 21, 2023) (remanding because "the ALJ's written opinion does not articulate why, after finding that Plaintiff had mild mental limitations in three of four broad paragraph B criteria, he did not include any of those restrictions in the RFC"), *report and recommendation adopted*, 2023 WL 5340794 (S.D. Cal. Aug. 18, 2023); *Kitty S. v. Kijakazi*, No. EDCV 21-00390-JEM, 2022 WL 2117160, at *5–7 (C.D. Cal. June 13, 2022) (finding reversible error because the ALJ made "mild step two paragraph B findings" but did not discuss claimant's non-severe mental impairments at later steps, "in particular in formulating [the] RFC").

The ALJ's boilerplate language that he "considered all of the claimant's medically determinable impairments, including those that are not severe, when assessing the claimant's residual functional capacity" (AR 19) does not satisfy the "more detailed assessment" required by the regulations. *David Allan G.*, 2023 WL 2479921, at *2 ("Ultimately, aside from a brief, boilerplate indication that 'any impairment, symptom, or condition not addressed above has not affected the claimant's residual functional capacity,' the ALJ's opinion does not include any discussion or analysis of how Plaintiff's non-severe mental impairments were factored into the RFC determination, and the RFC itself does not

contain any nonexertional limitations."); *Delia v. Saul*, No. 1:18-CV-00314-CWD, 2019 WL 4601834, at *7–9 (D. Idaho Sept. 23, 2019) ("The boilerplate language used in the ALJ's decision, without any discussion of Petitioner's mental impairments in the RFC determination, does not satisfy the regulation's requirements."); *Barrera v. Berryhill*, No. CV 17-07096-JEM, 2018 WL 4216693, at *5 (C.D. Cal. Sept. 5, 2018) (reversing an ALJ's decision that "did not say she had considered mild limitations or nonsevere impairments, offering only boilerplate language that she considered 'all symptoms'") (citation omitted).

### B. Harmless Error

The ALJ's error is not harmless. Although the ALJ found Claimant's mental health impairments do not present "more than a minimal limitation in the claimant's ability to do basic work activities" (AR 19), the ALJ's PRW assessment analyzed jobs that arguably involve more complicated tasks than basic work activity.[4] For example, the "skilled work," Customer Complaint Clerk position requires "dealing with people, facts, or figures or abstract ideas at a high level of complexity." 20 C.F.R. § 404.1568(c); DICOT 241.367-014 (G.P.O.), 1991 WL 672252) (Jan. 1, 2016) (Dictionary of Occupational Titles).  Other significant functions of that position include "compiling" and "speaking-signaling," which frequently demand "carrying out a prescribed action in relation to the information" and "giving assignments and/or directions to helpers or assistants." DICOT, Appendix B, http://occupationalinfo.org/affendixb_1.html (Apr. 11, 2020).

The Sales Clerk and Tax Preparer positions require a significant relationship with data and people and involve, among other things, compiling data and carrying out a prescribed action, dealing with people by exchanging information with others, giving assignments or directions to helpers, and attaining precise limits. *Id.*; DICOT 290.477-014

---

[4] The regulations define basic work activities as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1522. Basic abilities and aptitudes include understanding, carrying out, and remembering simple instructions; use of judgment; responding appropriately to supervision, co-workers and usual work situations; and dealing with changes in a routine work setting. *Id.*

(G.P.O.), 1991 WL 672554 (Jan. 1, 2016) (Sales Clerk); DICOT 219.362-070 (G.P.O.), 1991 WL 671965 (Jan. 1, 2016) (Tax Preparer).

The record calls into question whether Claimant could have performed the requirement of these PRW positions given his mental limitations, including evidence that Claimant: (1) was on medication that caused him to be tired, and he had little recall or motivation (AR 191–93); (2) endorsed a "'flat mood', low motivation, anhedonia, waking frequently throughout the night [with] difficulty going back to sleep, low energy level, poor appetite (he lost nearly 20 lbs in 3 months), nervousness/anxiety [especially] early in the morning, difficulty concentrating, low self-worth, difficulty controlling worry, difficulty relaxing and some passive thoughts of being 'better off dead'" (AR 255–57); and (3) exhibited problems with concentration, comprehension, memory, test scores, typing, misspelling, fatigue, anxiety, worry, sleeplessness, nervousness, his ability to recall facts, forgetfulness, suicidal ideation, and depression (AR 32–46).

A properly formulated RFC might contain mental health limitations inconsistent with the PRWs the ALJ found Plaintiff could perform. The ALJ's error, therefore, is not harmless. *See David Allan G.*, 2023 WL 2479921, at *6 (concluding there was no harmless error because it remained unclear from the ALJ's decision whether Plaintiff could perform PRW notwithstanding mild mental limitations); *Carlson v. Berryhill*, No. 18-CV-03107-LB, 2019 WL 1116241, at *18 (N.D. Cal. Mar. 10, 2019) ("the court cannot determine what would have happened had the ALJ considered the plaintiff's mild mental impairments when assessing the RFC or how the vocational experts would have testified had that limitation been included in the hypotheticals posed.") (citation omitted); *Ynzunza v. Astrue*, No. CV 07-7166-PLA, 2010 WL 3270975, at *8 (C.D. Cal. Aug. 17, 2010) ("in concluding that plaintiff can do his past work as defined in the DOT, the ALJ failed to consider the combined effects of all of plaintiff's impairments—including his

nonsevere depression and his limitations with concentration and attention") (citing SSR 85–28, 1985 WL 56856 (Jan. 1, 1985)).[5]

### C. Remand

"The decision whether to remand a case for additional evidence, or simply to award benefits is within the discretion of the court." *Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017) (citation omitted). Because a properly formulated RFC might still support a conclusion that Claimant was not disabled, a remand for further proceedings is appropriate here. *See Bunnell v. Barnhart*, 336 F.3d 1112, 1116 (9th Cir. 2003) (remanding for further administrative proceedings where several "outstanding issues" remained to be resolved, it was "not clear from the record that an [ALJ] would be required to find the claimant disabled and award disability benefits").

## VI. CONCLUSION

Based on the foregoing, the Court **GRANTS** Plaintiff's Motion for Summary Judgment (Dkt. No. 16) and **DENIES** Defendant's Cross Motion for Summary Judgment (Dkt. No. 17). The Court **REMANDS** to the Commissioner for further consideration and development of the record in accordance with this opinion.

**IT IS SO ORDERED.**

Dated: September 29, 2023

Honorable Daniel E. Butcher
United States Magistrate Judge

---

[5] Although the Commissioner cites this Court's decision in *Janet A. v. Kijakazi*, 21-cv-0227-DEB, 2022 WL 4004199 (S.D. Cal. Sept. 1, 2022) for the proposition that the ALJ was not required to include Claimant's mild mental limitations in the RFC, this Court stated in *Janet A.* that "[a]n ALJ must consider the limiting effect of all impairments, including non-severe ones," but found the failure to do so there was harmless because (unlike the case here) "nothing in the record establishes Plaintiff's mental impairments have any effect on her ability to work." *Id.* at *4.